ELLIS, Judge:
This is a suit for defamation, brought by William C. Dupont against Patrick W. Pendley and others. The petition contains the following allegations relative to defendant Pendley:
*1236 “5.
“That during the months of March and April, 1982, defendant, Patrick W. Pend-ley maliciously accused and inferred to various individuals and to the general public that petitioner, William C. Dupont, was guilty of violating the State Code of Ethics, which provides for criminal penalties.
“6.
“That said accusations by the defendant, Patrick W. Pendley were accomplished with the malicious and specific intent to publicly and politically embarrass and defame petitioner and his family in the eyes of the general public.
“7.
“That these accusations by Patrick Pend-ley were and have been held false by the Louisiana Commission on Ethics for Public Employees.”
The record reveals that William C. Du-pont is the City Attorney of the City of Plaquemine. His law partner, Joseph B. Dupont, Sr., is the City Judge of Plaque-mine. On March 11, 1982, Mr. Pendley wrote to the Chairman of the State Commission on Ethics for Public Employees, to inquire if it was “permissible for ‘B’ to serve as City Attorney while practicing law in a law firm that includes ‘A’ who serves as part time City Judge.” He was advised that the Commission had concluded:
“Assuming that the ‘ABC’ Law Firm is, indeed, a ‘legal entity’ as such term is used in Section 1113 A of the Code, and assuming further that ‘A’ owns a ‘controlling interest’ in the ‘ABC’ Law Firm, then it is clear that the ‘ABC’ Law Firm is in violation of Section 1113 A of the Code for the reasons previously set forth in Advisory Opinion No. 81-148.”
Mr. Pendley delivered copies of the response of the Commission to the Mayor of the City of Plaquemine, The Greater Plaquemine Post, a newspaper, and to the Judiciary Commission of the State of Louisiana. This suit followed.
After the petition was filed, Pendley moved for summary judgment, attaching to the motion his affidavit and copies of his correspondence with the Ethics Commission. In the affidavit, he stated that he wrote the Commission “in an effort to determine the permissibility of William C. Dupont continuing as City Attorney while practicing law in a law firm that included Joseph B. Du-pont, Sr. who was serving as elected part-time City Judge. The letter did not contain any allegations that William Dupont had violated the Code of Governmental Ethics.” He further stated in the affidavit that the letter was not sent in malice but rather to determine the legality of the situation. He further stated that he had never told or inferred to anyone that Dupont was in violation of the Code of Ethics. Plaintiff filed no countervailing affidavit.
Based on the above facts, the trial judge declined to grant summary judgment in favor of Pendley, stating that, under the circumstances, he could not find “that reasonable minds must inevitably conclude movers are entitled to a summary judgment as a matter of law on the facts presently before the Court.” Pendley applied to this court for a writ of certiorari.
This court issued a writ of mandamus, ordering the trial judge to grant summary judgment, or alternatively, a writ of certio-rari should the trial judge elect not to obey the writ of mandamus. The trial judge having elected the alternative, the matter is now before us for decision.
In Cangelosi v. Schwegmann Bros., Etc., 390 So.2d 196 (La.1980), the following guidelines for an action in defamation are set forth:
“To maintain an action in defamation, the following elements must be shown: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury.”
In Mashburn v. Collin, 355 So.2d 879 (La.1977) the court said:
“A motion for summary judgment should be granted where it is shown that no genuine issue of material fact exists and the movant is entitled to judgment as a *1237 matter of law. The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. And where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. However, when a motion for summary judgment is made and supported, the adverse party cannot rest on the allegations of his pleadings, but must set out in evidence or depositions, ‘specific facts showing that there is genuine issue for trial.’ Moreover, if the New York Times standards may be invoked in a case, the courts must apply them in assessing the summary procedure evidence. Accordingly, in order for a genuine issue to exist concerning the material fact of defendant’s state of mind in making the alleged defamatory expression of fact or opinion, the plaintiff-opponent must show that a judge or jury reasonably could find by clear and convincing evidence that the expression of fact or opinion was made with knowing or reckless falsity. Also, if there is no genuine issue of material fact, the plaintiff-opponent must show that a judge or jury reasonably could find by clear and convincing evidence, after construing all of the facts and inferences reasonably to be drawn therefrom in favor of the plaintiff-opponent, that the alleged defamatory statement was made with knowing or reckless falsity. When reasonable minds must conclude that there is no genuine issue of material fact for trial and that the defendant-mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted.”
In this case, it is uncontroverted that no defamatory statement was made by Pendley, and that he was not actuated by malice in seeking and distributing the opinion of the Ethics Commission. He is therefore entitled to summary judgment.
Plaintiff’s answers to interrogatories, on which he relies to create a dispute as to a material fact, were not filed until after the motion for summary judgment was heard and taken under advisement, and properly were not considered by the trial judge.
Accordingly, the writ of certiorari issued herein is made peremptory, and there will be judgment in favor of Patrick W. Pendley dismissing plaintiff’s suit at his cost.
Writ made peremptory and judgment rendered.